### OYAMADA v. UNITED STATES.
### No. 6048.

Circuit Court of Appeals, Ninth Circuit.
Nov. 17, 1930.

WILBUR, Circuit Judge, dissenting.

George Grigsby, of Ketchikan, Alaska (Robert W. Jennings, of Sacramento, Cal., of counsel), for appellant.

Howard D. Stabler, U. S. Atty., of Juneau, Alaska, and Geo. J. Hatfield, U. S. Atty., and Raymond H. Schubert, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before RUDKIN and WILBUR, Circuit Judges, and JAMES, District Judge.

RUDKIN, Circuit Judge.

Upon the original submission of this case, an opinion was prepared by Judge DIETRICH, but after his death the case was restored to the calendar for reargument. Upon such reargument and upon full consideration, the opinion of Judge DIETRICH, which follows, is adopted as the opinion of the court:

"Appellant was convicted upon an indictment containing two counts, each charging him with assault with intent to commit rape upon a female child under the age of sixteen years. Both alleged the offenses as of the same date, and differ only in that they relate to two different children.

"The testimony shows that both girls were present in defendant's cabin during the entire time of his alleged misconduct; that his maltreatment of one followed immediately upon that of the other; that, except in so far as inhibited by their statutory incompetency, they freely consented to all that was done, and there was nothing in the nature of outside interference, alarm, or fear to prevent or deter defendant from carrying out his intent, or accomplish his purpose, whatever that may have been. The indictment does not charge sexual intercourse, and the evidence tends strongly to show there was none in either case. According to the testimony of the girls, defendant's treatment of them was lewd and lascivious in a high degree, and for it he should be appropriately punished; but, however odious his conduct, of course he should not be punished for an offense he did not commit. Upon the record, no possible reason can be assigned why, if

he intended sexual intercourse, or attempted it, he did not accomplish his purpose. He had full opportunity. The alleged subjects were not unwilling, and nothing occurred to alarm or divert him, or to cause him to desist. The inescapable conclusion is that the essential charge of intent is not supported by the evidence, and it was error to deny defendant's motion for an instruction directing the jury to acquit.

"While the point is not covered by an assignment, inasmuch as there may be another trial, we add that in our opinion the court below went too far in permitting the prosecuting attorney to elicit testimony by putting highly leading questions. Under the circumstances of the case, answers so suggested almost unavoidably leave the truth in doubt.

"Reversed."

WILBUR, Circuit Judge.

I dissent. The evidence, in my opinion, justified the jury in concluding that there had been such penetration as completed the rape, and consequently the defendant was properly convicted of the lesser offense of an assault to commit rape, as that was the offense charged in the indictment. A detailed discussion of the evidence in a dissenting opinion would serve no useful purpose, and I consequently refrain therefrom.